**Gus HALL et al., Petitioners,**

v.

**Helen Frances WHITE, Respondent.**

**No. B–5038.**

Supreme Court of Texas.

July 9, 1975.

---

1. See *Goldfarb v. Virginia State Bar,* —— U.S. ——, 95 S.Ct. 2004, 44 L.Ed.2d 572.

Foreman, Dyess, Prewett, Rosenberg & Henderson, Arthur D. Dyess, and Jesse R. Pierce, Houston, for petitioners.

Warren L. Eddington and C. Anthony Friloux, Jr., Houston, for respondent.

REAVLEY, Justice.

The complaint is that affidavits and testimony from prior probate proceedings and trial were admitted into evidence in the trial of this will contest in the district court. The Court of Civil Appeals upheld the admission of the evidence. 517 S.W.2d 683. We reverse and remand to the district court.

Bailey C. Hall died in 1968. An instrument dated in 1965 was admitted to probate in September, 1968, by the Judge of Probate Court No. 2 of Harris County. This document names Helen Frances White as independent executrix of the estate and devisee of the property. It appears to have been witnessed by Mrs. John W. Weaver and John W. Weaver.

In 1969 this suit was instituted by the brothers of the deceased to cancel the order admitting this will to probate. After trial in the probate court the will was upheld; an appeal was then taken to the district court under the procedure in effect in 1971.

The issue before the district court was whether Mr. and Mrs. Weaver had signed this will in the presence of the testator as witnesses to its execution. The contestants presented evidence which tended to show that the signatures were placed upon the document after 1965 and after the time of its signing by the testator.

The evidence in the record that the Weavers were proper witnesses to the execution of the will consists of an affidavit by Mrs. Weaver executed and filed with the probate court in September of 1968 at the time of original admission to probate, and the former testimony of Mrs. Weaver during the contested trial before the probate court.

■ The Court of Civil Appeals has held that the affidavit is admissible under the provisions of the Probate Code, V.A.T.S. §§ 15, 18 and 89. The Probate Code requires the county clerk to keep in the probate minutes the testimony upon which wills are admitted to probate and it makes certified copies of the probate minutes admissible in court. Sec. 89 provides: "Certified copies of . . . the record of testimony . . . may be used in evidence, *as the original might be,* on the trial of the same matter in any other court, when taken there by appeal or otherwise." The emphasized words were added by the Legislature in the passage of the Texas Probate Code of 1955. By the addition of these words, the Legislature prevented the use of the record of an affidavit to prove the truth of matter asserted therein when that matter is a contested issue in a subsequent trial.

■ As for the former testimony of Mrs. Weaver which was given during the first trial and then read from a transcript at the second trial, its admissibility depends upon whether the predicate laid satisfies the former testimony exception to the hearsay rule. There is no question but that the testimony of Mrs. Weaver at the former trial was given on the same issues before the same parties, and that full opportunity

for cross-examination existed. The only question is the unavailability of the witness. Former testimony is not admissible if a witness is available at the subsequent trial. The party offering the former testimony must therefore prove unavailability, which means in Texas "that the witness is dead, or that he had become insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party." Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 697 (1941); Houston Fire & Casualty Insurance Co. v. Brittian, 402 S.W.2d 509 (Tex.1966).

■ It does not suffice to show that the witness on the day of the subsequent trial is beyond the subpoena jurisdiction of the court. In White v. Natural Gas Pipeline Co., 444 S.W.2d 298 (Tex.1969), the witness whose former testimony was erroneously admitted was 800 miles distant from the courthouse on the occasion of the subsequent trial. The subpoena power of the trial court reached only 100 miles. Rule 176, Texas Rules of Civil Procedure. However, the testimony of the absent witness could have been taken by deposition, and for this reason the Court there held that the witness was "*not* outside of the jurisdiction of the court." 444 S.W.2d 303. Since the deposition of a witness residing outside of Texas may likewise be obtained (either by the witness voluntarily coming to Texas for that purpose or by taking his deposition at his place of residence pursuant to Art. 3746, Vernon's Ann.Civ.St.), the Texas rule has not been made to turn on whether the witness is within or without the state. Morris v. Davis, 292 S.W. 574 (Tex.Civ.App. 1927, writ ref'd); Stohn v. Bryant, 283 S.W.2d 299 (Tex.Civ.App.1955, writ ref'd n. r. e.); Carter v. Irvine, 77 S.W.2d 247 (Tex. Civ.App.1934, no writ).

■ Mrs. Weaver left Harris County on a vacation trip the week before this trial began. It was only temporary and not a permanent absence. Respondent's arguments about the difficulty of an attorney in getting his case to trial and in knowing the whereabouts of all of his witnesses on the occasion of every setting are all reasons why he needed a deposition and are arguments that might have been made to the trial court in support of a motion for continuance. Respondent made no motion for continuance, nor does the record indicate that he gave advance notice to the petitioner that he would rely upon the former testimony of Mrs. Weaver.

■ It may seem incongruous that Texas would allow the admission of deposition testimony without regard to the availability of the witness (Rule 213, Tex.R.Civ.P.) and exclude former testimony where the witness is available. Distinguished writers have said that there is no distinction between the two. E. g., 5 Wigmore, Evidence § 1401 (Chadbourn rev. 1974). There is, indeed, no distinction so far as the lack of personal observation of the witness by the trier of·fact. There is a difference to the adversary in his preparation for trial and in his meeting the adverse testimony. The contesting attorney is not so likely to have ready reference to transcribed testimony given at a former trial as he is to have available a copy of a deposition. There may be no written transcription of the former testimony; the rule has not required its proof to be by a method of that reliability. McCormick, Evidence § 260 (2d ed. 1972). Furthermore, the deposition rules now require that the witness supplement his testimony if, after the giving of the deposition, he discovers that he has testified incorrectly or that the facts have changed. Rule 186a, Tex.R.Civ.P. In the taking of a deposition the attention of a witness may be called to this duty to supplement, and further obligation of this nature may be placed upon the witness by agreement of the parties. No such duty may be imposed with respect to testimony at a former trial.

The affidavit and former testimony of Mrs. Weaver were not admissible. The

judgments of the Court of Civil Appeals and the district court are reversed, and the cause is remanded to the district court.