Lucille Carson HUTCHERSON,
Appellant,

v.

M & G LAND DEVELOPMENT
CORPORATION, Appellee.

No. 16056.

Court of Civil Appeals of Texas,
San Antonio.

June 6, 1979.

David R. White, Jr., White & White, Uvalde,. for appellant.

R. Emmett Harris, Harris & Vaughan, Uvalde, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a suit by M & G Land Development Corporation against Lucille Carson Hutcherson for a permanent injunction to prohibit Mrs. Hutcherson's interference in any way with M & G's use of a portion of the Old Dry Frio County Roadway where it passes through her property. Mrs. Hutcherson defensively pleaded statutory abandonment under Article 6703a, Texas Revised Civil Statutes, as well as common law abandonment. Mrs. Hutcherson brings this appeal from an order of the trial court granting a permanent injunction in favor of M & G.

The initial question presented is whether the court reporter's notes of testimony adduced by appellee at the previous hearing on the temporary injunction were admissible at the subsequent hearing on the permanent injunction.[1]

The record here reveals that appellee was initially granted a temporary restraining order without notice by the trial court, and subsequently a hearing was had on the temporary injunction at which time some testimony was heard. At the hearing on the

---

1. Appellant's first point of error asserts that the trial court erred in allowing appellee, over the objection of appellant, to introduce into evidence the court reporter's notes of the testimony produced at the hearing on the temporary injunction, where there was no excuse or explanation offered as to the reason the appellee could not produce its witnesses.

permanent injunction appellee did not call any witness or introduce any new evidence, but over the objection of appellant, appellee was allowed to introduce into evidence the court reporter's notes of the hearing on the temporary injunction. Appellee offered no excuse whatsoever for not putting on any evidence, except for his statement that there had been no change in conditions between the time of the hearing on the temporary injunction and the hearing on the permanent injunction, and that he did not see the necessity for putting on any further proof. At trial he relied wholly on the former testimony at the hearing on the temporary injunction.

Under the record the trial court erred in allowing the introduction into evidence of testimony adduced at the hearing on the temporary injunction. We also hold that the admission of this evidence was harmful error under the provisions of Rule 434 of the Texas Rules of Civil Procedure. Without such evidence there is nothing in the record before us to support the granting of a permanent injunction in favor of appellee. The trial court abused its discretion in permitting the introduction of this testimony into evidence and in granting the permanent injunction under the admissible evidence in the record.

The correct rule is set forth in *Hall v. White,* as follows:

Former testimony is not admissible if a witness is available at the subsequent trial. The party offering the former testimony must therefore prove unavailability, which means in Texas 'that the witness is dead, or that he had become insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party.'[2]

525 S.W.2d 860, 862 (Tex.1975). No attempt was made here to prove unavailability of appellee's witnesses under any of the instances set forth in *Hall v. White,* and none of the stated conditions supporting the exception to the general rule precluding hearsay testimony from admission is claimed to exist in the case before us. The only explanation offered by appellee in his brief is that this is an equitable matter and the court has great latitude and broad discretion in ruling on the admissibility of evidence.[3]

The question before the Supreme Court of Texas in *Houston Fire & Casualty Insurance Co. v. Brittian,* 402 S.W.2d 509 (Tex. 1966) was whether the testimony of a witness at the first trial was admissible at the second trial. Counsel for respondent offered into evidence a transcript of the direct and cross-examination of the witnesses at the former trial. Petitioner objected to the testimony as hearsay for which no proper predicate had been laid for its admission as an exception to the general rule. The trial court overruled the objection, which action was upheld by the court of civil appeals, on the ground that no abuse of discretion was shown and that in any event the admission of the testimony was not reversible error under Rule 434 of the Texas Rules of Civil Procedure. The Supreme Court found that the trial court lacked discretion to admit the former testimony, and reversed the judgments of the trial court and the court of civil appeals, remanding the cause to the trial court.

A case almost directly in point with the one before us is *Continental Oil Co. v. P. P. G. Industries,* 504 S.W.2d 616 (Tex.Civ.App. —Houston [1st Dist.] 1973, writ ref'd n. r. e.), where the trial court admitted into evi-

**2.** *See Houston Fire & Casualty Insurance Co. v. Brittian,* 402 S.W.2d 509, 510 (Tex.1966); *Lone Star Gas Co. v. State,* 137 Tex. 279, 308, 153 S.W.2d 681, 697 (1941).

**3.** In proving unavailability, the trial court's exercise of discretion in admitting testimony at a former trial is limited to a determination of the factual predicate. Each and every one of the requirements set forth in *Hall v. White,* 525 S.W.2d 860 (Tex.1975), is essential in establishing the proper predicate for the admissibility of the transcript of testimony in another trial. *See White v. Natural Gas Pipeline Co. of America,* 444 S.W.2d 298 (Tex.1969).

dence the court reporter's transcript of the testimony heard at a previous trial in the case involving issuance of a temporary injunction. The court of civil appeals held that this was error since there was no showing that the former trial was on substantially the same issues as the subsequent trial, or that the witnesses at the former trial were unavailable to testify at the latter.

This case must be reversed because of the error of the trial court in admitting such testimony into evidence. Appellant seeks either a rendition or a remand. It is apparent that appellee's failure to put on evidence at the hearing on the permanent injunction was brought about by his mistaken belief that the testimony at the previous trial was admissible in the latter hearing. We have, therefore, concluded that the interests of justice will best be served by a remand for a new trial.

The judgment of the trial court is reversed and the cause remanded for a new trial.