Lucia J. GARZA et vir., Appellants,

v.

EXXON CORPORATION, Appellee.

No. 16332.

Court of Civil Appeals of Texas, San Antonio.

July 23, 1980.

Glenn H. Ramey, Rio Grande City, for appellants.

Thomas G. Trott, Houston, for appellee.

## OPINION

KLINGEMAN, Justice.

This is an easement case. Exxon Corporation brought suit for temporary and permanent injunction to enjoin Lucia J. Garza and husband, Delfino Garza, from interfering with its enjoyment of a roadway easement which Exxon claims was granted to it by appellants in 1960. Trial on the permanent injunction was to the court and after hearing evidence the trial court entered judgment granting to Exxon the permanent injunction prayed for. This appeal is from the judgment granting that permanent injunction.

By ten points of error, appellants assert that the trial court erred in (a) entering judgment that appellee had a valid easement as the evidence is legally or factually insufficient to support such a holding; (b) entering judgment for appellee because the property description is insufficient as a matter of law and does not meet the requirements of the statute of frauds; (c) admitting into testimony certain objected to testimony and documentary evidence; (d) changing the property description in the judgment by adding certain additional descriptive words; (e) entering judgment granting an injunction because there was no competent evidence as to any injury or damages; and (f) admitting into evidence the testimony of a witness given at the hearing on the temporary injunction over objection by appellant. Appellee asserts that the judgment is correct because (a) the property description is sufficient; (b) there is sufficient evidence to support the trial court findings here objected to; and (c) it is entitled to the judgment rendered under the doctrine of estoppel *in pais*.

We first consider appellants' point of error that the trial court erred in admitting into evidence testimony of Allen Cecil who testified at the hearing on the temporary injunction but was not present in the court at the hearing on the permanent injunction. The attorney for appellee offered to read into evidence Cecil's testimony taken at the hearing on the temporary injunction. Appellants objected on the ground that it was hearsay, that there was no proper predicate and, particularly, that there was no proof of the unavailability of the witness. At such time appellee's attorney argued that the testimony was admissible because there had been an opportunity for cross–examination at the hearing for temporary injunction and further stated that the witness was not there and that he thought the witness had been transferred to Midland, Texas. Such comments by the attorney are the only purported evidence in the record regarding the unavailability of such witness. The court then, over appellants' objections, permitted the testimony to be read into the record by appellee's attorney. Under the record, the trial court erred in allowing the introduction into evidence of the testimony adduced at the hearing on the temporary injunction.

The correct rule is set forth in *White v. Hall*, 525 S.W.2d 860 (Tex.1975), as follows:

Former testimony is not admissible if a witness is available at the subsequent trial. The party offering the former testimony must therefore prove unavailability, which means in Texas 'that the witness is dead, or that he has become insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and

that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party.' [Citations omitted]

525 S.W.2d at 862. Other cases in point are *White v. Natural Gas Pipeline Co. of America*, 444 S.W.2d 298, 302 (Tex.1969); *Houston Fire & Casualty Ins. Co. v. Brittain*, 402 S.W.2d 509, 510 (Tex.1966); *Hutcherson v. M & G Land Development Corp.*, 590 S.W.2d 520, 521 (Tex.Civ.App.–San Antonio 1979, no writ); *Continental Oil Co. v. P. P. G. Industries*, 504 S.W.2d 616, 622 (Tex.Civ. App.–Houston [1st Dist.] 1973, writ ref'd n. r. e.).

█ Several witnesses testified at the hearing on the permanent injunction but none of these witnesses testified as to the matters of injury, damages or absence of any legal remedy, and the only evidence of any kind on these matters is contained in the testimony of the absent witness, Cecil, which testimony was inadmissible as hereinbefore discussed. Without such testimony there was no proof as to the above set forth elements essential to the granting of a permanent injunction,[1] and the evidence will not support the granting of a permanent injunction. This case must be reversed because of the error of the trial court in admitting such testimony into evidence.

Appellants seek either a rendition or a remand. From a reading of the entire record we think the interests of justice will best be served by a remand for a new trial. It is apparent that appellee was acting under the mistaken belief that testimony at the previous trial was admissible at the later trial. It is clear from the record that the case before the trial court was tried on a somewhat different basis than presented here on appeal. Some of the theories of recovery and defense asserted on this appeal are not the same as those urged and presented in the trial court. Appellee

sought a permanent injunction alleging that it had a valid easement, that threats had allegedly been made by appellants to close and lock such right–of–way easement and that unless an injunction was granted, it would suffer an irreparable injury and damages. Appellants' primary contention in the trial court was that the easement was for a limited purpose only and that appellee was using such easement for purposes other than and over and above that which was granted. There was testimony in the trial court to this effect. Appellants made no contention in the trial court that they had not granted such easement to appellee and did not dispute the fact that the easement had been laid out and had been in use for many years.

Appellants also pleaded in the trial court that the description was not sufficient under the statute of frauds, but there was very little development of this defense.

One of appellee's chief contentions in this appeal is that it is entitled to a judgment under the doctrine of estoppel *in pais*. However, there were no pleadings on estoppel or estoppel *in pais* and the testimony touching thereon was rather skimpy. The case was not fully developed by either appellants or appellee.

The judgment of the trial court is reversed and the cause remanded to the trial court for a new trial.

1. *Rogers v. Daniel Oil & Royalty Co.*, 130 Tex. 386, 392, 110 S.W.2d 891, 894 (1937); *Dunn v. City of Austin*, 77 Tex. 139, 143, 11 S.W. 1125, 1127 (1889); *Scott v. City of Robinson*, 404 S.W.2d 330, 332 (Tex.Civ.App.–Waco 1966, writ ref'd n. r. e.); *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 388 S.W.2d 204, 207 (Tex.Civ.App.–Eastland 1965, no writ); *Texas State Board of Registration for Professional Engineers v. Dalton, Hinds & O'Brien Engineering Co.*, 382 S.W.2d 130, 134 (Tex.Civ. App.–Corpus Christi 1964, no writ); 31 Tex. Jur.2d *Injunctions* §§ 126–128 (1962).