**Michael G. MAHONEY, Appellant,**

v.

**Bill R. CUPP and Shirley C. Cupp, on Behalf of Themselves and Others Similarly Situated, Appellees.**

**No. 10–82–043–CV.**

Court of Appeals of Texas, Waco.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Fred Davis, Davis, Stacy, Lohmeyer & Davis, Bryan, for appellant.

John Delaney, Jonathan Miller, Law Office of John Delaney, P.C., Bryan, for appellees.

HALL, Justice.

Appellees Bill R. Cupp and Shirley C. Cupp filed this suit on April 20, 1981, for themselves and as a class action against appellant Michael G. Mahoney under the Deceptive Trade Practices—Consumer Protection Act (DTPA), V.T.C.A., Bus. & C. § 17.41 et seq. The gist of the action pleaded was that at various times in 1977 and afterwards appellees and the members of the class they represent had purchased lots in a rural subdivision in Brazos County, Texas, known as "Forest Lakes Subdivision" from appellant under executory contracts of sale whereby the buyers paid a cash down payment and agreed to make periodic payments of principal and interest and appellant agreed to convey a warranty deed to each buyer after all payments were made; that these purchases were materially induced by particularized warranties and representations made by appellant concerning the present and future condition of the subdivision and certain amenities therein (examples: roads would be paved, and a swimming pool and an indoor recreation building would be constructed within the subdivision for use by the buyers) which have not been fulfilled by appellant; that the value of the lots has decreased; that many members of the class continue making payments on their contracts, some have paid off their contracts and received deeds, and some have ceased paying and are threatened with cancellation of their contract rights; and that appellant is guilty in the premises of breach of warranty and unconscionable conduct within the meaning of the DTPA. Appellees pleaded for appropriate orders and rulings under Rule 42, Vernon's Tex. Rules Civ. Proc., "as to the maintenance of this suit as a class action" and that after trial on the merits appellees individually and representatives of the class recover their actual damages, trebled under DTPA § 17.50, and for attorney's fees. Alternatively, appellees pleaded for rescission of the contracts and restoration of all money paid to appellant on the lots, or for other specified relief under DTPA § 17.50. The petition alleged that appellant had been given "written notice of the complaint of the plaintiffs and others similarly situated" by certified mail on September 30, 1980.

Appellees also pleaded for a temporary restraining order immediately, and a temporary injunction after notice and hearing, to prevent appellant from canceling or threatening to cancel any of the contracts.

The temporary restraining order was issued on April 22, 1981. It included an order setting the hearing for temporary injunction on May 1, 1981, and directing the court clerk to give appellant notice of the setting "in order that defendant may show cause, if any there be, why such temporary injunction should not be granted." By orders dated April 30th, May 8th, May 15th and May 22nd extending the temporary restraining order and resetting the time of hearing on the temporary injunction, the hearing on the injunction was finally set for May 29, 1981; and it was heard on that day. Appellees appeared and announced ready. Appellant did not appear. The principal evidence adduced was the testimony of appellee Mrs. Cupp. In parts material to the injunction her testimony substantially tracked appellees' pleadings. At the conclusion of the hearing the court orally pronounced judgment granting the temporary injunction. Although at this hearing the court directed appellees' counsel to draw up notice letters for members of the asserted class, no order granting class certification was made; and no written orders regarding either the temporary injunction or class certification were signed at this time.

The hearing on May 29, 1981, developed that appellant had received notice that the matter of the temporary injunction would be heard at that time, but it did not show

any notice to appellant or knowledge by him that the issue of class certification would also be heard, nor that appellant was then in default on his answer to the suit.

Appellant answered the suit with a general denial on June 18, 1981.

On December 1, 1981, appellees filed a "Motion for Order Granting Class Certification." The factual allegations in the motion were followed with a prayer for an order that "this action may be maintained as a class action" and that appellees "may represent the members of the class." The motion was heard on February 3, 1982. The subsequent order based on this hearing recites that due notice was given on this motion and that the parties appeared in person and by their attorneys. This recitation is not refuted in the record. At the hearing, no new evidence was adduced on the question of whether class certification should be granted; however, it was developed that prior to the hearing appellant's counsel had obtained from the court reporter an official and complete eighteen-page transcript of the proceedings on May 29, 1981, which included the testimony of appellee Mrs. Cupp. Upon reminder to the court that appellant was not present at the hearing in May, 1981 and had not received notice that it would embrace the issue of class certification, appellees then offered into evidence a copy of the court reporter's transcription of that earlier proceeding. Appellant did not object. Upon this tender the court said, "I'm just going to simply say for the record that any official transcript by the official Court Reporter is part of the record and it will be admitted as the Court's exhibit for whatever purpose whatsoever. That way he's got it in the record. It's in there anyway." Appellant did not attempt to offer any evidence and did not request the opportunity to do so, and he did not seek a continuance of the hearing for this purpose. His counsel stated to the court, "All we ask is just that we be advised as to when the order was signed so that we can take whatever steps we feel necessary, if any." The court then orally pronounced judgment granting appellees' motion for class certification.

On February 26, 1982, the court signed an "Order Granting Class Certification." After making several findings of fact the court ordered that "this action may be maintained as a class action" and that appellees "may represent the members of the class." On February 26, 1982, the court also signed an order for issuance of the temporary injunction. Appellant perfected this appeal from both orders.

Appellant asserts the order granting class action certification was erroneous because (1) it was based upon a hearing held without notice to him, and (2) the evidence was legally insufficient to support the order. We overrule the first contention, but we sustain the second.

Rule 42(c)(1) provides in part, "As soon as practicable after the commencement of an action brought as a class action, the court shall, *after hearing,* determine by order whether it is to be so maintained." (Emphasis ours). This provision requires the proponent of the class action to both plead the elements of a class action found in Rule 42(a) and (b) and prove those elements at a hearing set as soon as practicable after the petition is filed. *Duncan v. Dripping Springs Independent School District,* 612 S.W.2d 644, 647 (Tex. Civ. App.—Austin 1981, no writ). The class certification pleaded for by appellees in our case would have broadly affected appellant in his property rights, and we believe and hold that fundamental due process under both our state and federal constitutions required that he be afforded opportunity to be heard on the question with notice of the hearing. See, generally, 12 Tex.Jur.3d 716 et seq., Constitutional Law §§ 148, 149, 157, 158. In other words, if the hearing scheduled on May 29, 1981, was to include the question of class suit certification as well as the issue of temporary injunction, then appellant was due notice of that before the hearing unless appellees established at the hearing that appellant was in default on the question by failing to timely answer. Our record affirmatively shows the notice was not given, and it does not show the exception. Never-

theless, the record shows that appellant was afforded a hearing on the question on February 3, 1982, with notice and with ample opportunity to be heard, before the court finally ordered that the suit could be maintained as a class action. The express purpose of the hearing on February 3, 1982, was a decision and order on this very question, permitting or not permitting the suit to be a class action. Appellant and appellees and their attorneys were present. The record at this hearing does not show that appellant was denied the opportunity to present evidence on the class action issue; rather, it shows that he chose not to present evidence. This hearing led to the order complained against. Under the circumstances, we hold the order was not based upon a hearing held without notice to appellant. However, we agree with appellant that the evidence adduced at the hearing, the evidence upon which the order was granted, was hearsay and therefore of no probative value. The evidence was a transcription of the testimony given by appellee Mrs. Cupp at the prior proceeding in May, 1981. This evidence was hearsay as to appellant without predicative proof that there was opportunity for cross-examination at the prior proceeding and that direct testimony from the witness was unavailable at the present hearing. *Houston Fire & Casualty Insurance Co. v. Brittian,* 402 S.W.2d 509, 510 (Tex. 1966); *Lone Star Gas Co. v. State,* 137 Tex. 279, 153 S.W.2d 681, 697 (1941). See also *Hall v. White,* 525 S.W.2d 860, 862 (Tex. 1975); *Garza v. Exxon Corp.,* 604 S.W.2d 385, 386–387 (Tex. Civ. App.—San Antonio 1980, no writ); *Hutcherson v. M & G Land Development Corp.,* 590 S.W.2d 520, 521 (Tex. Civ. App.—San Antonio 1979, no writ). The threshold predicate of the unavailable witness did not exist in our case.

◼ Whether objected to or not, hearsay evidence cannot support a finding of fact or the judgment. *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 631 (1941). Accordingly, the order granting class action status to this suit is reversed. However, since it is apparent that appellees' failure to produce new evidence at the second hearing was based upon their mistaken belief that the testimony at the prior hearing was admissible and sufficient, and that available evidence has not been properly developed, we have concluded that the interests of justice require a remand for a new trial on this issue rather than rendition of judgment for appellant. *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376, 379–380 (1959); *Hutcherson v. M & G Land Development Corp.,* supra.

◼ Appellant also assigns error to the class action certification order on the assertion that class actions are precluded as a matter of law in deceptive trade practices actions. His primary argument under this point is that the Legislature's repeal on May 23, 1977, of sections 17.51, 17.52, 17.53 and 17.54 of the DTPA which provided for class actions evinces legislative intent to preclude class action suits under the Act. We believe the more logical reason for the Legislature's action was that the special class action provisions of the DTPA were rendered unnecessary by the Supreme Court's approval of the present Rule 42 on May 9, 1977, and were repealed to avoid any interference with the application of the Rule. This is the view of the commentators, including Justice Jack Pope of the Supreme Court. Pope and McConnico, *Texas Civil Procedure Rule Making,* 30 Baylor L. Rev. 5, 15 (1978); Dorsaneo, *Creditors' Rights,* 32 S.W.L.J. 245, 268 (1978).

◼ Appellant next contends that we should rule that as a matter of law this suit under the DTPA cannot be maintained as a class action. He argues that since appellees pleaded that the alleged class consisted of persons who purchased lots "during or after 1977," notice and tender requirements in § 17.50A of the DTPA as they existed when this section was effected on May 23, 1977, and later by the amendment effective August 27, 1979, might vary between appellant and different members of the class according to the time when each lot was purchased. Under Rule 42(d) the trial court can, if deemed appropriate, divide the class into subclasses and treat each subclass as a

separate class; and under Rule 42(c) the court can alter, amend or withdraw a class anytime before judgment. We believe that evidence of the problem posed by appellant, if it exists, and its magnitude and effect on the suit as a class action should first be submitted for the trial court's consideration in determining whether to certify class action. Without such evidence we cannot hold as a matter of law that the variance of notice and tender requirements, if they are shown to exist, would require denial of class action certification.

Appellant's remaining points of error complain against the order granting the temporary injunction. We hold these complaints are without merit under the record, and they are overruled.

The order granting class action certification is reversed and that issue is remanded for new trial. The order granting the temporary injunction is affirmed.

The costs of this appeal are assessed 50% against appellant and 50% against appellees.