

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00503-CV

| | | |
|---|---|---|
| Robert E. Massey, as Independent Executor of the Estate of William Earl Massey, Deceased | § | From the 16th District Court |
| | § | of Denton County (2010-10151-16) |
| v. | § | January 17, 2013 |
| Allen National Property, L.L.C., Greg Hillman, and Patricia A. Massey | § | Opinion by Justice Gabriel |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

It is further ordered that appellant Robert E. Massey, as independent executor of the estate of William Earl Massey, deceased shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Gabriel



# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00503-CV**

ROBERT E. MASSEY, AS                                    APPELLANT
INDEPENDENT EXECUTOR OF
THE ESTATE OF WILLIAM EARL
MASSEY, DECEASED

V.

ALLEN NATIONAL PROPERTY,                               APPELLEES
L.L.C., GREG HILLMAN, AND
PATRICIA A. MASSEY

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robert E. Massey, as independent executor of the estate of

William Earl Massey, deceased, appeals the trial court's judgments granting

---

[1]*See* Tex. R. App. P. 47.4.

summary judgment in favor of appellees Allen National Property, L.L.C. (ANP), Greg Hillman, and Patricia A. Massey. We affirm.

## Background Facts

Robert is the son of the decedent, William Earl Massey. On April 17, 2002, William executed his last will and testament, which named Robert individually as his primary beneficiary and as executor of his estate. In 2004, William moved out of the house and moved in with caretakers. In the spring of 2005, William asked his daughter Patricia to assist him in the sale of his home in Denton, Texas.

Patricia contacted Jerry Allen of ANP to inform him that the property was available for purchase. On May 9, 2005, William executed a contract of sale conveying the property to ANP for $179,375.00. William signed the deed before a notary. On February 2, 2008, William died. The will was admitted to probate as William's last will and testament by court order in Parker County dated October 23, 2009.

ANP performed work on the property in preparation for resale, such as repairing doors, wiring, walls, air conditioning, windows, and the swimming pool, as well as landscaping, painting, and plumbing. On July 18, 2005, ANP sold the property to Hillman for $350,000.00. Since the sale, Hillman has occupied the property as his primary residence.

Robert, believing that his father was mentally and physically incapacitated at the time he sold the house, filed suit against ANP and Patricia for breach of fiduciary duty, fraud, and violations of the Texas Real Estate License Act. Robert

3

also sued Hillman and ANP to quiet title and for damages for the sale of William's home. ANP filed a traditional and no-evidence summary judgment motion arguing that Robert's claims against it fail as a matter of law. Patricia and Hillman filed similar motions. Robert responded to the motions and requested a continuance of the summary judgment hearing. The summary judgment hearing, originally scheduled for October 13, 2011, was continued to November 3, 2011. On November 18, 2011, the trial court granted summary judgment on all of Robert's claims in favor of the appellees. Robert then filed this appeal.

**Discussion**

## 1. Continuance

In Robert's first issue, he argues that the trial court abused its discretion by not allowing his trial counsel more time to respond to the motions for summary judgment. We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

"When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *See* Tex. R. Civ. P. 166a(g); *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). The affidavit must describe the evidence sought, explain its materiality, and show that the party requesting the continuance has used due diligence to timely obtain the evidence*. Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing Tex. R. Civ. P. 251, 252); *see Hatteberg v. Hatteberg*, 933 S.W.2d 522, 527 (Tex. App.— Houston [1st Dist.] 1994, no writ). If a party does not diligently use the rules of discovery, they are not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

In this case, Robert did not file an affidavit or a verified motion to continue the hearing. Robert's counsel filed a response to each of the three motions for summary judgment, each of which included the following language:

Movants filed the No-Evidence Summary Judgment motion prematurely.

1. Movant failed to allow Mark Lieberman, substituted counsel, an adequate amount of time to complete discovery.

2. Movant is aware that Mark Lieberman was substituted as Counsel for Plaintiff [on] September 9, 2011. The movant did not wait even a month before joining the other defendants in a massive attempt to overwhelm Mark Lieberman, a sole practitioner, with motions for summary judgments along with motions for discovery sanctions.

3. Following the substitution of Mark Lieberman as counsel for Plaintiff, the Plaintiff was hospitalized for blood pressure issues. As a consequence of the recent retention of Mark Lieberman and the hospitalization of Plaintiff, Mark Lieberman has not had adequate time to deal with the [m]ultiple no evidence summary judgment motions seeking summary judgment filed by the defendant herein, and the co-defendants.

4. For the reasons set forth above[,] the motion for summary judgment should be denied and the motion seeking sanctions is inappropriate and should be denied.

However, when asked by the court if he was ready to proceed with the hearing, Robert's counsel responded, "Yes, your honor." Because Robert did not file a written motion as required by rule 251, we cannot say that the trial court abused its discretion by holding the hearing on November 3, 2011. *See Waller v. R. S. Concrete, Inc.*, No. 14-04-00553-CV, 2005 WL 1150204, at *3 (Tex. App.—Houston [14th Dist.] May 17, 2005) (mem. op.) ("Because Waller's motion for continuance was not in writing and accompanied by a sworn affidavit, as is required by Texas Rule of Civil Procedure 251, and she showed no good cause

for a continuance, the trial judge did not abuse her discretion in denying Waller's motion for continuance."). We overrule Robert's first issue.

### 2. Summary Judgment Evidence

In Robert's second issue, he argues that the trial court abused its discretion by striking certain summary judgment exhibits. Specifically, he argues that the report of handwriting expert Michael Weldon, the prior expert testimony of Dr. Lisa Clayton, and the prior testimony of Dr. Martin Solomon should have been admitted in this case as summary judgment evidence. Both Patricia and ANP filed objections to this evidence on multiple grounds.

The trial court excluded the report and testimony because Robert did not summarize the opinions to which the witnesses were expected to testify so the witnesses were not properly designated as expert witnesses. With regard to a testifying expert, rule 194.2(f) permits a party to request disclosure of "the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them." *See VingCard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied) (citing Tex. R. Civ. P. 194.2(f)(3)). Robert failed to summarize the handwriting expert's opinion and the expert opinion of Dr. Solomon in Robert's disclosure responses. Patricia objected to these exhibits by asserting that Robert failed to satisfy the requirements of rule 194.2(f). *See* Tex. R. Civ. P. 194.2(f). His failure to do so properly triggered the automatic exclusion sanction of rule 196.3. *See* Tex. R. Civ. P. 196.3.

Robert also submitted a letter by Dr. Lisa Clayton as well as prior testimony of Dr. Clayton from a prior lawsuit against William's former caretakers. ANP and Patricia again filed multiple objections including objections that the prior testimony was hearsay and that Robert had not shown Dr. Clayton was unavailable. The trial court sustained all objections to both the letter and the prior testimony. On appeal, Robert only complains of the trial court's ruling sustaining the objections to the prior testimony.

A party offering the prior testimony of a witness must prove the witness is unavailable. *See* Tex. R. Evid. 804(b(1); *Hall v. White*, 525 S.W.2d 860, 862 (Tex. 1975). Unavailability means that the witness is dead, that he had become insane or is physically unable to testify, that he is beyond the jurisdiction of the court, that his whereabouts are unknown and that a diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party. *Hall*, 525 S.W.2d at 862. Here, Robert did not prove that Dr. Clayton was unavailable. Instead, he argued that it was impossible to procure her testimony because Texas Rule of Civil Procedure 166a(c) does not allow oral testimony at a summary judgment hearing. However, Robert could have procured her testimony in the form of an affidavit or a deposition, which would have been acceptable summary judgment evidence. *See* Tex. R. Civ. P. 166(a). Therefore, the trial court did not abuse its discretion in excluding Dr. Clayton's prior testimony because Robert did not prove she was unavailable. We overrule Robert's second issue.

### 3. Summary Judgment

In Robert's next issue, he argues that the trial court abused its discretion by granting the appellees' motions for summary judgment because he submitted sufficient evidence to substantiate his causes of action. Patricia, ANP, and Hillman all moved for traditional summary judgment and no-evidence summary judgment on Robert's claims against them.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellees' summary judgment proof

9

satisfied the less stringent rule 166a(c) burden. *Id.* When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

In response to the appellees' motions for summary judgment, Robert presented only the will, the purchase price of the house, and the affidavits and reports that were stricken by the trial court. Robert's only evidence in support of his fraud claims and his claim to quiet title was the prior testimony of Dr. Solomon and Dr. Clayton. Robert's evidence in support of his forgery and breach of fiduciary duty claims was the handwriting expert's report and the will. To support

his Texas Real Estate License Act claims, Robert presented the purchase price of the house and the affidavits of Dr. Solomon, Dr. Clayton, and another doctor, which affidavit Robert admits was properly stricken. As discussed above, all of Robert's evidence, except the will and the price of the house, were properly stricken.

Robert argues that some of the appellees' evidence was improperly admitted. Even if that were so, it does nothing to aid Robert to meet his burden to defeat the no-evidence summary judgment. Considering only the will and the price of the house—the only remaining evidence that Robert produced—we cannot say that Robert produced more than a scintilla of probative evidence that raised a genuine issue of material fact. His argument that the will, showing that William disinherited Patricia, is some evidence that William would not have "relied on her to protect his interests in the sale of his home" is not compelling. The will, executed in April 2002, is no evidence of what decisions he may have made regarding the sale of his house in 2005.

Because Robert failed to produce more than a scintilla of probative evidence, the trial court did not err by granting summary judgment for ANP, Hillman, and Patricia on Robert's claims against them. *See Frost Nat'l Bank*, 315 S.W.3d at 508. We overrule his third issue. Because we uphold the trial court's judgment on ANP's, Hillman's, and Patricia's no-evidence summary judgment, we do not need to reach Robert's issue regarding traditional summary judgment. *See* Tex. R. App. P. 47.1.

11

## Conclusion

Having overruled all of Robert's dispositive issues on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  January 17, 2013