02-11-503-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00503-CV

 


 
 
 Robert
 E. Massey, as Independent Executor of the Estate of William Earl Massey,
 Deceased
  
  
  
 v.
  
  
 Allen
 National Property, L.L.C., Greg Hillman, and Patricia A. Massey
 
 
 §
  
  
 §
  
  
 §
  
  
  
 §
  
 
 
 From the 16th District Court
  
  
 of
 Denton County (2010-10151-16)
  
  
 January
 17, 2013
  
  
  
 Opinion
 by Justice Gabriel
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

It
is further ordered that appellant Robert E. Massey, as independent executor of
the estate of William Earl Massey, deceased shall pay all costs of this appeal,
for which let execution issue.

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00503-CV


 
 
 Robert E. Massey, as Independent Executor of the
 Estate of William Earl Massey, Deceased
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
 
 
 
 
 Allen National Property, L.L.C., Greg Hillman, and
 Patricia A. Massey
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 16th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Robert E. Massey, as independent executor of the estate of William Earl Massey,
deceased, appeals the trial court’s judgments granting summary judgment in
favor of appellees Allen National Property, L.L.C. (ANP), Greg Hillman, and
Patricia A. Massey.  We affirm.

Background
Facts

          Robert
is the son of the decedent, William Earl Massey.  On April 17, 2002, William executed
his last will and testament, which named Robert individually as his primary
beneficiary and as executor of his estate.  In 2004, William moved out of the
house and moved in with caretakers.  In the spring of 2005, William asked his
daughter Patricia to assist him in the sale of his home in Denton, Texas.

Patricia
contacted Jerry Allen of ANP to inform him that the property was available for
purchase.  On May 9, 2005, William executed a contract of sale conveying the property
to ANP for $179,375.00.  William signed the deed before a notary.  On February
2, 2008, William died.  The will was admitted to probate as William’s last will
and testament by court order in Parker County dated October 23, 2009.

          ANP
performed work on the property in preparation for resale, such as repairing doors,
wiring, walls, air conditioning, windows, and the swimming pool, as well as landscaping,
painting, and plumbing.  On July 18, 2005, ANP sold the property to Hillman for
$350,000.00.  Since the sale, Hillman has occupied the property as his primary
residence.

          Robert,
believing that his father was mentally and physically incapacitated at the time
he sold the house, filed suit against ANP and Patricia for breach of fiduciary
duty, fraud, and violations of the Texas Real Estate License Act.  Robert also
sued Hillman and ANP to quiet title and for damages for the sale of William’s home.
 ANP filed a traditional and no-evidence summary judgment motion arguing that
Robert’s claims against it fail as a matter of law.  Patricia and Hillman filed
similar motions.  Robert responded to the motions and requested a continuance
of the summary judgment hearing.  The summary judgment hearing, originally scheduled
for October 13, 2011, was continued to November 3, 2011.  On November 18, 2011,
the trial court granted summary judgment on all of Robert’s claims in favor of the
appellees.  Robert then filed this appeal.

Discussion

1.    Continuance

In Robert’s
first issue, he argues that the trial court abused its discretion by not allowing
his trial counsel more time to respond to the motions for summary judgment.  We
review a trial court’s ruling on a motion for continuance for an abuse of
discretion.  See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 800 (Tex. 2002).  A trial court abuses its discretion if the court acts
without reference to any guiding rules or principles, that is, if the act is
arbitrary or unreasonable.  Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).  An
appellate court cannot conclude that a trial court abused its discretion merely
because the appellate court would have ruled differently in the same
circumstances.  E.I. du Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d at 620.

A
trial court also abuses its discretion by ruling without supporting evidence.  Ford
Motor Co. v. Garcia, 363 S.W.3d 573, 578 (Tex. 2012).  But an abuse of
discretion does not occur when the trial court bases its decision on
conflicting evidence and some evidence of substantive and probative character
supports its decision.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97
(Tex. 2009); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

“When
a party contends that it has not had an adequate opportunity for discovery before
a summary judgment hearing, it must file either an affidavit explaining the
need for further discovery or a verified motion for continuance.” See Tex. R. Civ. P. 166a(g);
Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). 
The affidavit must describe the evidence sought, explain its materiality, and show
that the party requesting the continuance has used due diligence to timely
obtain the evidence.  Landers v. State Farm Lloyds, 257 S.W.3d
740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing Tex. R. Civ. P.
251, 252); see Hatteberg v. Hatteberg, 933 S.W.2d 522, 527 (Tex. App.—Houston
[1st Dist.] 1994, no writ).  If a party does not diligently use the rules of
discovery, they are not entitled to a continuance.  State v. Wood Oil Distrib.,
Inc., 751 S.W.2d 863, 865 (Tex. 1988).

In
this case, Robert did not file an affidavit or a verified motion to continue
the hearing.  Robert’s counsel filed a response to each of the three motions
for summary judgment, each of which included the following language:

Movants filed the
No-Evidence Summary Judgment motion prematurely.

 

1. Movant failed to
allow Mark Lieberman, substituted counsel, an adequate amount of time to
complete discovery.

 

2. Movant is aware
that Mark Lieberman was substituted as Counsel for Plaintiff [on] September 9,
2011.  The movant did not wait even a month before joining the other defendants
in a massive attempt to overwhelm Mark Lieberman, a sole practitioner, with
motions for summary judgments along with motions for discovery sanctions.

 

3. Following the
substitution of Mark Lieberman as counsel for Plaintiff, the Plaintiff was
hospitalized for blood pressure issues.  As a consequence of the recent
retention of Mark Lieberman and the hospitalization of Plaintiff, Mark Lieberman
has not had adequate time to deal with the [m]ultiple no evidence summary
judgment motions seeking summary judgment filed by the defendant herein, and
the co-defendants.

 

4. For the reasons set forth above[,]
the motion for summary judgment should be denied and the motion seeking
sanctions is inappropriate and should be denied.

However,
when asked by the court if he was ready to proceed with the hearing, Robert’s
counsel responded, “Yes, your honor.”  Because Robert did not file a written
motion as required by rule 251, we cannot say that the trial court abused its
discretion by holding the hearing on November 3, 2011.  See Waller v.
R. S. Concrete, Inc., No. 14-04-00553-CV, 2005 WL 1150204, at *3 (Tex.
App.—Houston [14th Dist.] May 17, 2005) (mem. op.) (“Because Waller’s
motion for continuance was not in writing and accompanied by a sworn affidavit,
as is required by Texas Rule of Civil Procedure 251, and she showed no good
cause for a continuance, the trial judge did not abuse her discretion in denying
Waller’s motion for continuance.”).  We overrule Robert’s first issue.

2.    Summary
Judgment Evidence

In Robert’s
second issue, he argues that the trial court abused its discretion by striking certain
summary judgment exhibits.  Specifically, he argues that the report of handwriting
expert Michael Weldon, the prior expert testimony of Dr. Lisa Clayton, and the prior
testimony of Dr. Martin Solomon should have been admitted in this case as
summary judgment evidence.  Both Patricia and ANP filed objections to this
evidence on multiple grounds.

The
trial court excluded the report and testimony because Robert did not summarize
the opinions to which the witnesses were expected to testify so the witnesses
were not properly designated as expert witnesses.  With regard to a testifying
expert, rule 194.2(f) permits a party to request disclosure of “the general
substance of the expert’s mental impressions and opinions and a brief summary
of the basis for them.”  See VingCard A.S. v. Merrimac Hospitality
Sys., Inc., 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied) (citing
Tex. R. Civ. P. 194.2(f)(3)).  Robert failed to summarize the handwriting expert’s
opinion and the expert opinion of Dr. Solomon in Robert’s disclosure responses.
 Patricia objected to these exhibits by asserting that Robert failed to satisfy
the requirements of rule 194.2(f).  See Tex. R. Civ. P. 194.2(f).  His
failure to do so properly triggered the automatic exclusion sanction of rule
196.3.  See Tex. R. Civ. P. 196.3.

Robert
also submitted a letter by Dr. Lisa Clayton as well as prior testimony of Dr. Clayton
from a prior lawsuit against William’s former caretakers.  ANP and Patricia
again filed multiple objections including objections that the prior testimony
was hearsay and that Robert had not shown Dr. Clayton was unavailable.  The
trial court sustained all objections to both the letter and the prior
testimony.  On appeal, Robert only complains of the trial court’s ruling
sustaining the objections to the prior testimony.

A party
offering the prior testimony of a witness must prove the witness is
unavailable.  See Tex. R. Evid. 804(b(1); Hall v. White, 525
S.W.2d 860, 862 (Tex. 1975).  Unavailability means that the witness is dead,
that he had become insane or is physically unable to testify, that he is beyond
the jurisdiction of the court, that his whereabouts are unknown and that a diligent
search has been made to ascertain where he is, or that he has been kept away
from the trial by the adverse party.  Hall, 525 S.W.2d at 862.  Here,
Robert did not prove that Dr. Clayton was unavailable.  Instead, he argued that
it was impossible to procure her testimony because Texas Rule of Civil
Procedure 166a(c) does not allow oral testimony at a summary judgment hearing. 
However, Robert could have procured her testimony in the form of an affidavit
or a deposition, which would have been acceptable summary judgment evidence.  See
Tex. R. Civ. P. 166(a).  Therefore, the trial court did not abuse its
discretion in excluding Dr. Clayton’s prior testimony because Robert did not
prove she was unavailable.  We overrule Robert’s second issue.

3.    Summary
Judgment

In Robert’s
next issue, he argues that the trial court abused its discretion by granting the
appellees’ motions for summary judgment because he submitted sufficient
evidence to substantiate his causes of action.  Patricia, ANP, and Hillman all
moved for traditional summary judgment and no-evidence summary judgment on
Robert’s claims against them.

We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could, and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

When
a party moves for summary judgment under both rules 166a(c) and 166a(i), we
will first review the trial court’s judgment under the standards of rule
166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
If the appellant failed to produce more than a scintilla of evidence under that
burden, then there is no need to analyze whether the appellees’ summary
judgment proof satisfied the less stringent rule 166a(c) burden.  Id.  When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006).  We review a no-evidence summary judgment for evidence
that would enable reasonable and fair-minded jurors to differ in their
conclusions.  Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (citing
City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).  We credit
evidence favorable to the nonmovant if reasonable jurors could, and we
disregard evidence contrary to the nonmovant unless reasonable jurors could
not.  Timpte Indus., 286 S.W.3d 306, 310 (Tex. 2009) (quoting Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006)).  If the nonmovant
brings forward more than a scintilla of probative evidence that raises a
genuine issue of material fact, then a no-evidence summary judgment is not
proper.  Smith v. O’Donnell, 288 S.W.3d 417, 424 (Tex. 2009); King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied,
541 U.S. 1030 (2004).

In
response to the appellees’ motions for summary judgment, Robert presented only
the will, the purchase price of the house, and the affidavits and reports that
were stricken by the trial court.  Robert’s only evidence in support of his fraud
claims and his claim to quiet title was the prior testimony of Dr. Solomon and
Dr. Clayton.  Robert’s evidence in support of his forgery and breach of
fiduciary duty claims was the handwriting expert’s report and the will.  To
support his Texas Real Estate License Act claims, Robert presented the purchase
price of the house and the affidavits of Dr. Solomon, Dr. Clayton, and another
doctor, which affidavit Robert admits was properly stricken.  As discussed
above, all of Robert’s evidence, except the will and the price of the house,
were properly stricken.

Robert
argues that some of the appellees’ evidence was improperly admitted.  Even if
that were so, it does nothing to aid Robert to meet his burden to defeat the
no-evidence summary judgment.  Considering only the will and the price of the
house—the only remaining evidence that Robert produced—we cannot say that
Robert produced more than a scintilla of probative evidence that raised a
genuine issue of material fact.  His argument that the will, showing that
William disinherited Patricia, is some evidence that William would not have
“relied on her to protect his interests in the sale of his home” is not
compelling.  The will, executed in April 2002, is no evidence of what decisions
he may have made regarding the sale of his house in 2005.

Because
Robert failed to produce more than a scintilla of probative evidence, the trial
court did not err by granting summary judgment for ANP, Hillman, and Patricia on
Robert’s claims against them.  See Frost Nat’l Bank, 315 S.W.3d at 508. 
We overrule his third issue.  Because we uphold the trial court’s judgment on ANP’s,
Hillman’s, and Patricia’s no-evidence summary judgment, we do not need to reach
Robert’s issue regarding traditional summary judgment.  See Tex. R. App.
P. 47.1.

Conclusion

Having
overruled all of Robert’s dispositive issues on appeal, we affirm the trial
court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and GABRIEL, JJ.

 

DELIVERED:  January 17, 2013









[1]See Tex. R. App. P. 47.4.